UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRENCE SMITH,

                Petitioner,

v.

STATE OF WASHINGTON,

                Respondent.

Case No. C17-5680 RBL-TLF

REPORT AND RECOMMENDATION

NOTED FOR JANUARY 5, 2018

## INTRODUCTION

This matter has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Petitioner Terrence Smith is a state prisoner currently confined at the Coyote Ridge Corrections Center in Connell, Washington. On August 24, 2017, Mr. Smith filed an application for leave to proceed in forma pauperis and a proposed petition for right of review under 5 U.S.C. § 702, which appears to be a request for relief from a state court judgment and sentence. *See* Dkt. 1. Mr. Smith presents no grounds for relief and does not include a request to be released from custody. *Id*. The petition has not been served on respondent. After careful review of the petition, and the balance of the record, this Court recommends dismissing Mr. Smith's petition for failure to state a claim and for frivolousness. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), 2244(a), Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

## DISCUSSION

In his petition, Mr. Smith identifies a November 18, 2014 conviction for robbery in the

REPORT AND RECOMMENDATION - 1

first degree; however, he does not identify a request to be released from custody. Dkt. 1. A petition will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations ... [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atlantic, Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). That is, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that petition to dismissal. *Id.* at 556.

A petition is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Franklin v. Murphy,* 745 F.2d 1221, 1227-28 (9th Cir.1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke,* 490 U.S. at 327.

The Court must construe the pleading in the light most favorable to petitioner and resolve all doubts in petitioner's favor. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). Although pro se petitions are to be liberally construed in a petitioner's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id.* While the Court can liberally construe a petition, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir.1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir.1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *See James v. Giles,* 221 F.3d 1074, 1077 (9th Cir. 2000).

This does not appear to be a complaint under 42 U.S.C. §1983 or a habeas corpus petition

under 28 U.S.C. §2254. Mr. Smith titles his filing "Right of Review under 5 U.S.C.S. § 702" and not identify any allegations about conditions of his confinement, nor does he make a request to be released from custody. Dkt 1. Rather, Mr. Smith seems to allege an amorphous financial dispute under a form of contract theory. *Id*. Any amendment of his petition would be futile.

## CONCLUSION

The Court recommends dismissing Mr. Smith's petition (Dkt. 1) with prejudice for failure to state a claim and for frivolousness. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); FRCP 12(b)(b). The Clerk shall send a copy of this Order to Mr. Smith.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **January 5, 2018**, as noted in the caption.

Dated this 19th day of December, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge